

## STATE OF RHODE ISLAND

## CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

| Case Information | | |
| --- | --- | --- |

Case Caption: _____Rachel Hussey_____ vs. _____Skecher USA Retail, LLC_____

Federal Court Case No. ___1:23-cv-00501___ State Court Case No. _____WC-2023-0533_____

| Record Information | | |
| --- | --- | --- |

Confidential:        Yes ☐      No ☑      Description: _____

Sealed documents:  Yes ☐      No ☑      Description: _____

| Certification | | |
| --- | --- | --- |

I, _____Brenden T. Oates_____, Clerk of the Rhode Island Superior Court for the County

of _____Washington_____ , do certify that the attached documents are all the

documents included in the record in the above referenced case.

Clerk:

/s/ _Brenden Y Oates_

Date: November 30, 2023

Prepared by:

_____Brenden T. Oates_____

# WASHINGTON COUNTY SUPERIOR COURT
# SC DOCKET SHEET
## CASE NO. WC-2023-0533

| | | | |
|---|---|---|---|
| **Rachel Hussey** | § | Location: | **Washington County Superior Court** |
| v. | § | | |
| **Skechers USA Retail, LLC** | § | Filed on: | **10/26/2023** |
| | § | US District Court Case Number: | **1:23-cv-00501** |
| | § | | |

---

### CASE INFORMATION

| | |
|---|---|
| Case Type: | **Civil Rights/Job Discrimination** |
| Case Status: | **10/26/2023   Unassigned** |
| Case Flags: | **Claim for Jury Trial** |

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | WC-2023-0533 |
| Court | Washington County Superior Court |
| Date Assigned | 10/26/2023 |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | *Lead Attorneys* |
| **Plaintiff** | **Hussey, Rachel** | **BEJMA, VICKI J** |
| | | *Retained* |
| | | 4013316565 x000(W) |
| **Defendant** | **Skechers USA Retail, LLC** | |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 11/30/2023 | Case Removed to US District Court |
| 11/29/2023 | Notice<br>*Notice of Filing of Notice of Removal* |
| 11/10/2023 | Stipulation Filed Extension of Time<br>*to answer* |
| 10/27/2023 | Summons |
| 10/26/2023 | Claim of Jury Trial Filed<br>*jury trial claimed* |
| 10/26/2023 | Complaint Filed<br>*complaint* |

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 11/29/2023 12:47 PM
Envelope: 4385534
Reviewer: Brenden O.

1:23-cv-00501-MSM-LDA    Document 3    Filed 11/30/23    Page 3 of 31 PageID #: 23

STATE OF RHODE ISLAND

SUPERIOR COURT                                    WASHINGTON COUNTY

RACHEL HUSSEY,
            Plaintiff,

v.                                                C.A. No.  WC-2023-0533

SKECHERS USA RETAIL, LLC,
            Defendant.

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:    Washington County Superior Court
       4800 Tower Hill Road
       Wakefield, RI 02879

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Washington County Superior Court has been duly filed in the United States District Court for the District of Rhode Island.  Attached hereto is a certified copy of that Notice of Removal.

Respectfully submitted,

SKECHERS USA RETAIL, LLC,

By its attorney,

/s/ Jonathan Shank
Jonathan Shank (#8008)
Jackson Lewis P.C.
75 Park Plaza
Boston, MA 02116
(617) 367-0025
Jonathan.Shank@jacksonlewis.com

Dated: November 29, 2023

## CERTIFICATE OF SERVICE

This certifies that on November 29, 2023, a copy of the foregoing document was served upon Plaintiff's attorney via Odyssey File & Serve.


/s/ Jonathan R. Shank
Jackson Lewis P.C.


4878-2244-8272, v. 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

RACHEL HUSSEY,

       Plaintiff,

v.

SKECHERS USA RETAIL, LLC,

       Defendant.

C.A. No.

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND:**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Skechers USA Retail, LLC, ("Defendant"), by its attorneys, hereby files this Notice of Removal. As grounds for this removal, Defendant respectfully submits that:

1.     On or about October 26, 2023, Plaintiff Rachel Hussey ("Plaintiff") commenced a civil action against Defendant in Washington County Superior Court of Rhode Island, entitled *Rachel Hussey vs. Skechers USA Retail, LLC*, Civil Action No. WC-2023-0533 ("State Court Action").

2.     On or about October 30, 2023, copies of the Complaint and Civil Action Cover Sheet in connection with the State Court Action were served upon Defendant.

3.     Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon Defendant to date in the State Court Action are attached hereto as Exhibit A.

4.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been filed with this

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 11/29/2023 12:47 PM
Envelope: 4385534
Reviewer: Brenden O.

Case 1:23-cv-00501-MSM-LDA   Document 3   Filed 11/30/23   Page 6 of 31 PageID #: 26

Case 1:23-cv-00501   Document 1   Filed 11/29/23   Page 2 of 4 PageID #: 2

Court within thirty (30) days of service of the Summons and Complaint in the State Court Action.

5.       No further proceedings have occurred in the State Court Action.  Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the Washington County Superior Court.

7.       This Court has original jurisdiction over Plaintiff's claims based on diversity of citizenship.

8.       Diversity of citizenship exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

9.       The citizenship of an unincorporated entity such as Defendant is determined by the citizenship of all of its members. *See Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006).

11.      Defendant's sole member is Skechers USA, Inc.

12.      For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of: (1) its state of incorporation and (2) the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

13.      Skechers USA, Inc. is incorporated in the state of Delaware, and its principal place of business is in California. Defendant is a citizen of Delaware and California.

15.      Plaintiff admits in her Complaint that she is a citizen of Rhode Island.  *See* Exhibit A.

16.      Accordingly, complete diversity of citizenship exists between the Parties.

17.      The entire amount in controversy exceeds the sum of $75,000 – Plaintiff is seeking compensatory and punitive damages, attorneys' fees and costs. *See* Exhibit A.

2

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 11/29/2023 12:47 PM
Envelope: 4385534
Reviewer: Brenden O.

18.     Based on the complete diversity of citizenship of the Parties and the amount in controversy, jurisdiction is proper under 28 U.S.C. § 1332.

19.     Furthermore, this Court may exercise supplemental jurisdiction over the Plaintiff's state law claims. See 28 U.S.C. § 1367(a).

20.     Venue is proper because the Washington County Superior Court of the state of Rhode Island, the court where the State Court Action is pending, is embraced within "the district and division" of this Court. 28 U.S.C. § 1441(a) and 1391(b)(2).

21.     By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all Parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

22.     Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding Plaintiff has pled claims upon which relief may be granted.

23.     Defendant will notify the Washington County Superior Court and Plaintiff of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal.

WHEREFORE, Defendant prays that the State Court Action now pending against it in Washington County Superior Court of Rhode Island be removed therefrom to this Court.

Respectfully submitted,

SKECHERS USA RETAIL, LLC,

By its attorneys,

/s/ Jonathan R. Shank
Jonathan Shank (#8008)
jonathan.shank@jacksonlewis.com
Jackson Lewis P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
(617) 367-0025
Attorney for Defendant

Dated:  November 29, 2023

3

Case Number: WC-2023-0533
Filed in Washington County Superior Court 23-cv-00501-MSM-LDA    Document 3    Filed 11/30/23    Page 8 of 31 PageID #: 28
Submitted: 11/29/2023 12:47 PM
Envelope: 4385534    Case 1:23-cv-00501    Document 1    Filed 11/29/23    Page 4 of 4 PageID #: 4
Reviewer: Brenden O.

## CERTIFICATE OF SERVICE

This hereby certifies that on this 29th day of November, 2023, a true and accurate copy of the above document was filed with the Court via the ECF system and served upon Plaintiff's counsel via electronic mail.

*/s/ Jonathan Shank*
Jonathan Shank
Jackson Lewis P.C.

4858-8388-9552, v. 2

4

# EXHIBIT A

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 11/29/2023 12:47 PM
Envelope: 4385684
Reviewer: B. Washington

Case Number: WC-2023-0533
Submitted: 10/26/2023 4:32 PM
Envelope: 4342730
Reviewer: Tracy K.

CV-00501-MSM-LDA    Document 3    Filed 11/30/23    Page 10 of 31 PageID #:
30

:23-cv-00501    Document 1-1    Filed 11/29/23    Page 2 of 12 PageID #: 6

**STATE OF RHODE ISLAND**                           **SUPERIOR COURT**
**WASHINGTON, SC.**

**RACHEL HUSSEY**
    **Plaintiff**

**VS.**                                              **C.A. No. PC-2023-**

  **SKECHERS USA RETAIL, LLC**
    **Defendant**

## COMPLAINT

## GENERAL ALLEGATIONS

1.   Plaintiff, Rachel Hussey, is a resident of the Town of North Kingstown, Rhode Island.

2.   Defendant Skechers USA Retail, LLC ("Skechers") is a limited liability company duly organized under the laws of the State of California, with a principal place of business in California.

3.   Defendant operates a retail store in Newport, Rhode Island.

4.   Plaintiff began working as a retail sales clerk in Defendant's Newport, Rhode Island retail store in December, 2019

5.   At all times Plaintiff performed her duties in a satisfactory manner.

6.   In or about June, 2022, Plaintiff had a new supervisor, Candace McCartney.

7.   McCartney almost immediately created a hostile working environment, commenting on the anatomy of other male employees and making disparaging remarks regarding the LGBT community.

8.   In July, 2022, Plaintiff experienced mental health issues, and required medical attention.

9.   Plaintiff's mental health issues substantially limited her in major life activities, including, but not limited to, working, thinking, and concentrating.

10.  Plaintiff disclosed these mental health issues to McCartney.

11.  In September, 2022, Plaintiff learned that McCartney had then informed Plaintiff's co-workers that Plaintiff was "crazy."

12.  Plaintiff was deeply embarrassed and uncomfortable by McCartney's behavior, which created a hostile working environment for Plaintiff based upon her disability.

13.  Plaintiff believed that McCartney's behavior violated her rights as a person with a disability.

1

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 11/29/2023 12:47 PM
Envelope: 4385581
Reviewer: Tracy K.

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 10/26/2023 4:32 PM
Envelope: 4342730
Reviewer: Tracy K.

Case 1:23-cv-00501-MSM-LDA    Document 3    Filed 11/30/23    Page 11 of 31 PageID #: 31

Case 1:23-cv-00501    Document 1-1    Filed 11/29/23    Page 3 of 12 PageID #: 7

14. Plaintiff reported McCartney's behavior to the District Sales Manager, Laura Szczoczarz, as well as Defendant's Human Resources Department.

15. Defendant took no action to address McCartney's conduct.

16. As a result, Plaintiff became so uncomfortable in the workplace that she dropped her availability down from four hours per shift to three hours, in order to avoid McCartney.

17. In November, 2022, Szczoczarz informed Plaintiff that she needed to increase her availability back to four hours per shift.

18. Plaintiff responded that she would increase her availability if McCartney's behavior was addressed, but Defendant still failed to address McCartney's behavior.

19. McCartney was absent from the workplace over the period of roughly January-March, 2023.

20. During McCartney's absence, Plaintiff and her co-workers assumed some of McCartney's job responsibilities, including but not limited to checking McCartney's e-mails.

21. While McCartney was absent, Plaintiff also texted with McCartney about the need to address employee wages, because the minimum wage had just gone up in Rhode Island.

22. While McCartney was absent, Plaintiff also learned that a male employee in the same role as she had just started at a higher wage than she was earning.

23. Plaintiff reasonably believed that the fact that a male employee was starting at a higher wage was a violation of Rhode Island law prohibiting wage discrimination based upon sex, gender, and other characteristics, and texted McCartney.

24. McCartney called the store on or about March 12, 2023, and informed Plaintiff that she was prohibited from discussing wages.

25. Plaintiff replied that a prohibition from discussing wages was illegal.

26. R.I. Gen. Laws § 28-6-18(f): "No employer shall prohibit an employee from inquiring about, discussing, or disclosing the wages of such employee or another employee or retaliate against an employee who engages in such activities."

27. Plaintiff reported to work on March 13, 2023.

28. Upon arrival, McCarthy directed Plaintiff to attend a phone call with Szczoczarz.

29. Szczoczarz informed Plaintiff that she was being suspended without pay.

30. Plaintiff informed Szczoczarz that McCarthy had illegally prohibited her from discussing wages, and that McCartney had failed to make required postings about wages and hours.

2

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 11/29/2023 12:47 PM
Envelope: 4385534
Reviewer: Tracy K.

Case Number: WC-2023-0533 1:23-cv-00501   Document 1-1   Filed 11/29/23   Page 4 of 12 PageID #: 8
Filed in Washington County Superior Court
Submitted: 10/26/2023 4:32 PM
Envelope: 4342730
Reviewer: Tracy K.

1:23-cv-00501-MSM-LDA   Document 3   Filed 11/30/23   Page 12 of 31 PageID #: 22

31. On March 22, 2023, Plaintiff was terminated.

32. The stated reasons for Plaintiff's termination were tardiness, job performance, and accessing McCartney's e-mail.

33. Plaintiff had accessed McCartney's email while performing McCartney's duties in McCartney's absence.

34. At no time had Plaintiff been made aware of any issues regarding her job performance or punctuality.

35. The stated reason for Plaintiff's termination was pretextual, and the real reason for the termination was to retaliate against Plaintiff for her repeated reports of suspected violations of wage and hour law, and creation of a hostile work environment based upon her disability.

## COUNT I – RHODE ISLAND CIVIL RIGHTS ACT

36. Plaintiff realleges those allegations contained in the Paragraphs above as if fully restated therein.

37. Plaintiff was a qualified person with a disability as defined under statute.

38. Defendant unlawfully subjected Plaintiff to discriminatory terms and conditions of employment because of Plaintiff's disability or perceived disability, by permitting the creation and maintenance of a hostile work environment.

39. As a direct and proximate result of the illegal activity of Defendant, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

40. The actions of Defendant were willful, malicious, wicked, and wanton and for the good of society must be punished.

WHEREFORE, Plaintiff demands judgment against Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

## COUNT II – WAGE DISCRIMINATION

41. Plaintiff realleges those allegations contained in the Paragraphs above as if fully restated therein.

42. Defendant engaged in wage discrimination based upon sex and gender, when it employed a male employee at a higher wage than Plaintiff for performing comparable work as defined in R.I. Gen. Laws § 28-6-18(2)

3

43.   Defendant lacked a bona fide justification for the wage differential between Plaintiff and the male worker, as required by R.I. Gen. Laws § 28-6-18.

44.   Defendant further attempted to prohibit Plaintiff from discussing her wages, in violation of § 28-6-18(f).

45.   Defendant retaliated against Plaintiff for having inquired about wages and otherwise opposed violations of § 28-6-18(f), by terminating her employment.

46. As a direct and proximate result of the illegal activity of Defendant, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

47.   The actions of Defendant were willful, malicious, wicked, and wanton and for the good of society must be punished.

WHEREFORE, Plaintiff demands judgment against Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

## COUNT III -- WHISTLEBLOWERS' PROTECTION ACT

48.   Plaintiff realleges those allegations contained in the Paragraphs above as if fully restated therein.

49.   Defendant is an "employer" as that term is defined pursuant to R.I.G.L. § 28-50-2(2).

50.   Plaintiff reported suspected violation of law governing wage and hour law, as well as the rights of individuals with disabilities.

51.   Plaintiff's actions in reporting suspected violations of wage and hour law, as well as laws protecting the rights of individuals with disabilities, were done in good faith belief that a violation of law had occurred or would occur, and constituted protected activities pursuant to R.I.G.L. § 28-50- 1 *et seq.*

52.   Plaintiff suffered adverse employment actions, in that she was terminated.

53.   The reasons stated for the adverse employment actions against Plaintiff were pretextual.

54.   The adverse employment actions were motivated by animus towards Plaintiff for having reported said suspected violations of law.

55.   As a direct and proximate result of the wrongful actions of Defendant, Plaintiff suffered adverse employment actions, as well as other financial and reputational harm, as well as emotional

4

Case Number: WC-2023-0533
Filed in Washington County Superior Court 1:23-cv-00501-MSM-LDA   Document 3   Filed 11/30/23   Page 14 of 31 PageID #:
Submitted: 11/29/2023 12:47 PM
Envelope: 4385534   Case 1:23-cv-00501   Document 1-1   Filed 11/29/23   Page 6 of 12 PageID #: 10
Reviewer: Brendan Q.   Filed in Washington County Superior Court
Submitted: 10/26/2023 4:32 PM
Envelope: 4342730
Reviewer: Tracy K.

distress, personal inconvenience, worry, loss of enjoyment of life, and other non- pecuniary losses.

56.  Said actions of Defendant were wicked and wanton, and for the good of society must be punished.

WHEREFORE, Plaintiff demands judgment against the Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

Plaintiff,
By her attorney,


/s/ Vicki J. Bejma
Stephen M. Robinson #2103
Vicki J. Bejma #6498
Robinson & Clapham
123 Dyer Street, Suite 135
Providence, RI  02903
(401) 331-6565
(fax) 331-7888
vbejma@smrobinsonlaw.com

5

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 11/29/2023 12:47 PM
Envelope: 4385534
Reviewer: Tracy K.

Case 1:23-cv-00501-MSM-LDA    Document 3    Filed 11/30/23    Page 15 of 31 PageID #: 35

Case 1:23-cv-00501    Document 1-1    Filed 11/29/23    Page 7 of 12 PageID #: 11

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 10/26/2023 4:32 PM
Envelope: 4342730
Reviewer: Tracy K.

**STATE OF RHODE ISLAND**                       **SUPERIOR COURT**
**WASHINGTON, SC.**

**RACHEL HUSSEY**
    **Plaintiff**

**VS.**                                          **C.A. No. PC-2023-**

   **SKECHERS USA RETAIL, LLC**
    **Defendant**

<u>**NOTICE OF JURY TRIAL CLAIM**</u>

    Plaintiff demands trial by jury on all issues so triable.

                    Plaintiff,
                    By her attorney,

                    /s/ Vicki J. Bejma
                    Vicki J. Bejma #6498
                    Robinson & Clapham
                    123 Dyer Street, Suite 135
                    Providence, RI  02903
                    (401) 331-6565
                    (fax) 331-7888
                    vbejma@smrobinsonlaw.com

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 11/29/2023 12:47 PM
Envelope: 4385534
Reviewer: Brenden O.

Case 1:23-cv-00501-MSM-LDA    Document 3    Filed 11/30/23    Page 16 of 31 PageID #: 36
Case 1:23-cv-00501    Document 1-1    Filed 11/29/23    Page 8 of 12 PageID #: 12



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>WC-2023-0533 |
| **Plaintiff**<br>Rachel Hussey<br>    v.<br>Skechers USA Retail, LLC<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Vicki J Bejma |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>ROBINSON & CLAPHAM<br>123 DYER ST 1ST FL SUITE 135<br>PROVIDENCE RI 02903 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI 02879<br>(401) 782-4121 | **Address of the Defendant**<br>A/S Corporation Service Company<br>222 Jefferson Boulevard, Suite 200<br>Warwick RI 02888 |

**TO THE DEFENDANT, Skechers Usa Retail, Llc:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 10/27/2023. | /s/ Brenden Oates<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised January 2023)

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 11/29/2023 12:47 PM
Envelope: 4385534
Reviewer: Brenden O.

Case 1:23-cv-00501-MSM-LDA    Document 3    Filed 11/30/23    Page 17 of 31 PageID #: 37
Case 1:23-cv-00501    Document 1-1    Filed 11/29/23    Page 9 of 12 PageID #: 13



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Rachel Hussey<br>v.<br>Skechers USA Retail, LLC<br>**Defendant** | **Civil Action File Number**<br>WC-2023-0533 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Skechers USA Retail, LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised January 2023)

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 11/29/2023 12:47 PM
Envelope: 4385534
Reviewer: Brenden O.

Case 1:23-cv-00501-MSM-LDA    Document 3    Filed 11/30/23    Page 18 of 31 PageID #: 38
Case 1:23-cv-00501    Document 1-1    Filed 11/29/23    Page 10 of 12 PageID #: 14



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation  _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation  _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent  _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given
  as noted below.
  _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: ___/___/___ | SERVICE FEE $ _____ |
| Month  Day  Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
_____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE
NOTARIZED.

_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally
appeared _____ ☐ personally known to the notary
or ☐ proved to the notary through satisfactory evidence of identification, which was
_____ to be the person who signed above in my presence,
and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her
knowledge.

                    Notary Public: _____
                    My commission expires: _____
                    Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised January 2023)

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 11/29/2023 12:47 PM
Envelope: 4385534
Case Number: WC-2023-0533
Reviewer: Tracy K.

Case 1:23-cv-00501-MSM-LDA    Document 3    Filed 11/30/23    Page 19 of 31 PageID #: 39

Case 1:23-cv-00501    Document 1-1    Filed 11/29/23    Page 11 of 12 PageID #: 15

Filed in Washington County Superior Court
Submitted: 11/10/2023 2:53 PM
Envelope: 4363958
Reviewer: Tracy K.

STATE OF RHODE ISLAND                SUPERIOR COURT
WASHINGTON, S.C.

RACHEL HUSSEY,            :
                            :
       Plaintiff,         :
                            :
      v.                   :
                            :       C.A. No.: WC-2023-0533
SKECHERS USA RETAIL, LLC,    :
                            :
       Defendant.       :

## STIPULATION OF EXTENSION OF TIME
## TO RESPOND TO PLAINTIFF'S COMPLAINT

Plaintiff, Rachel Hussey, hereby stipulates and agrees that Defendant, Skechers USA

Retail, LLC, shall have an extension of time up to and including November 30, 2023, to answer

or otherwise respond to Plaintiff's Complaint.

Respectfully Submitted,

RACHEL HUSSEY,                       SKECHERS USA RETAIL, LLC,

By her attorney,                          By their attorneys,

*/s/ Vicki J. Bejma*                   */s/ Jonathan R. Shank*
Stephen M. Robinson, Esq. (#2103)      Jonathan R. Shank, Esq. (#8008)
Vicki J. Bejma, Esq. (#6498)               Jackson Lewis, P.C.
Robinson & Clapham                   75 Park Plaza, 4th Floor
123 Dyer Street, Suite 135            Boston, MA 02116
Providence, RI 02903               (617) 305-1272
(401) 331-6565                     jonathan.shank@jacksonlewis.com
vbejma@smrobinsonlaw.com

Dated: November 10, 2023

4856-3714-5487, v. 1

# CERTIFICATION

I hereby certify that on the 10th day of November, 2023, I filed and served this document through the electronic filing system on all parties of record.  This document is electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Vicki J. Bejma

STATE OF RHODE ISLAND                                  SUPERIOR COURT
WASHINGTON, S.C.

RACHEL HUSSEY,                          :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :
                                        :    C.A. No.: WC-2023-0533
SKECHERS USA RETAIL, LLC,               :
                                        :
        Defendant.                      :

## STIPULATION OF EXTENSION OF TIME
## TO RESPOND TO PLAINTIFF'S COMPLAINT

Plaintiff, Rachel Hussey, hereby stipulates and agrees that Defendant, Skechers USA

Retail, LLC, shall have an extension of time up to and including November 30, 2023, to answer

or otherwise respond to Plaintiff's Complaint.

Respectfully Submitted,

RACHEL HUSSEY,                          SKECHERS USA RETAIL, LLC,

By her attorney,                        By their attorneys,

*/s/ Vicki J. Bejma*                    */s/ Jonathan R. Shank*
Stephen M. Robinson, Esq. (#2103)       Jonathan R. Shank, Esq. (#8008)
Vicki J. Bejma, Esq. (#6498)            Jackson Lewis, P.C.
Robinson & Clapham                      75 Park Plaza, 4th Floor
123 Dyer Street, Suite 135              Boston, MA 02116
Providence, RI 02903                    (617) 305-1272
(401) 331-6565                          jonathan.shank@jacksonlewis.com
vbejma@smrobinsonlaw.com

Dated:  November 10, 2023

4856-3714-5487, v. 1

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 11/10/2023 2:53 PM
Envelope: 4363958
Reviewer: Tracy K.

Case 1:23-cv-00501-MSM-LDA    Document 3    Filed 11/30/23    Page 22 of 31 PageID #: 42

## CERTIFICATION

I hereby certify that on the 10th day of November, 2023, I filed and served this document through the electronic filing system on all parties of record.  This document is electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Vicki J. Bejma



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>WC-2023-0533 |
| **Plaintiff**<br>Rachel Hussey<br> v.<br>Skechers USA Retail, LLC<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Vicki J Bejma |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>ROBINSON & CLAPHAM<br>123 DYER ST 1ST FL SUITE 135<br>PROVIDENCE RI 02903 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI 02879<br>(401) 782-4121 | **Address of the Defendant**<br>A/S Corporation Service Company<br>222 Jefferson Boulevard, Suite 200<br>Warwick RI 02888 |

**TO THE DEFENDANT, Skechers Usa Retail, Llc:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 10/27/2023. | /s/ Brenden Oates<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised January 2023)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Rachel Hussey<br> v.<br>Skechers USA Retail, LLC<br>**Defendant** | **Civil Action File Number**<br>WC-2023-0533 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Skechers USA Retail, LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: _____ / _____ / _____          SERVICE FEE $_____
                    Month    Day     Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or  ☐  proved  to  the  notary  through  satisfactory  evidence  of  identification,  which  was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                          Notary Public: _____
                          My commission expires: _____
                          Notary identification number: _____

SC-CMS-1 (revised January 2023)

**STATE OF RHODE ISLAND**                          **SUPERIOR COURT**
**WASHINGTON, SC.**

**RACHEL HUSSEY**
     **Plaintiff**

**VS.**                                            **C.A. No. PC-2023-**

  **SKECHERS USA RETAIL, LLC**
     **Defendant**

## <u>NOTICE OF JURY TRIAL CLAIM</u>

Plaintiff demands trial by jury on all issues so triable.

                    Plaintiff,
                    By her attorney,

                    <u>/s/ Vicki J. Bejma</u>
                    Vicki J. Bejma #6498
                    Robinson & Clapham
                    123 Dyer Street, Suite 135
                    Providence, RI  02903
                    (401) 331-6565
                    (fax) 331-7888
                    vbejma@smrobinsonlaw.com

STATE OF RHODE ISLAND                    SUPERIOR COURT
WASHINGTON, SC.

RACHEL HUSSEY
      **Plaintiff**

VS.                                                    C.A. No. PC-2023-

SKECHERS USA RETAIL, LLC
      **Defendant**

<u>**COMPLAINT**</u>

<u>**GENERAL ALLEGATIONS**</u>

1.   Plaintiff, Rachel Hussey, is a resident of the Town of North Kingstown, Rhode Island.

2.   Defendant Skechers USA Retail, LLC ("Skechers") is a limited liability company duly organized under the laws of the State of California, with a principal place of business in California.

3.   Defendant operates a retail store in Newport, Rhode Island.

4.   Plaintiff began working as a retail sales clerk in Defendant's Newport, Rhode Island retail store in December, 2019

5.   At all times Plaintiff performed her duties in a satisfactory manner.

6.   In or about June, 2022, Plaintiff had a new supervisor, Candace McCartney.

7.   McCartney almost immediately created a hostile working environment, commenting on the anatomy of other male employees and making disparaging remarks regarding the LGBT community.

8.   In July, 2022, Plaintiff experienced mental health issues, and required medical attention.

9.   Plaintiff's mental health issues substantially limited her in major life activities, including, but not limited to, working, thinking, and concentrating.

10.  Plaintiff disclosed these mental health issues to McCartney.

11.  In September, 2022, Plaintiff learned that McCartney had then informed Plaintiff's co-workers that Plaintiff was "crazy."

12.  Plaintiff was deeply embarrassed and uncomfortable by McCartney's behavior, which created a hostile working environment for Plaintiff based upon her disability.

13.  Plaintiff believed that McCartney's behavior violated her rights as a person with a disability.

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 10/26/2023 4:32 PM
Envelope: 4342730
Reviewer: Tracy K.

Case 1:23-cv-00501-MSM-LDA    Document 3    Filed 11/30/23    Page 28 of 31 PageID #: 48

14. Plaintiff reported McCartney's behavior to the District Sales Manager, Laura Szczoczarz, as well as Defendant's Human Resources Department.

15. Defendant took no action to address McCartney's conduct.

16. As a result, Plaintiff became so uncomfortable in the workplace that she dropped her availability down from four hours per shift to three hours, in order to avoid McCartney.

17. In November, 2022, Szczoczarz informed Plaintiff that she needed to increase her availability back to four hours per shift.

18. Plaintiff responded that she would increase her availability if McCartney's behavior was addressed, but Defendant still failed to address McCartney's behavior.

19. McCartney was absent from the workplace over the period of roughly January-March, 2023.

20. During McCartney's absence, Plaintiff and her co-workers assumed some of McCartney's job responsibilities, including but not limited to checking McCartney's e-mails.

21. While McCartney was absent, Plaintiff also texted with McCartney about the need to address employee wages, because the minimum wage had just gone up in Rhode Island.

22. While McCartney was absent, Plaintiff also learned that a male employee in the same role as she had just started at a higher wage than she was earning.

23. Plaintiff reasonably believed that the fact that a male employee was starting at a higher wage was a violation of Rhode Island law prohibiting wage discrimination based upon sex, gender, and other characteristics, and texted McCartney.

24. McCartney called the store on or about March 12, 2023, and informed Plaintiff that she was prohibited from discussing wages.

25. Plaintiff replied that a prohibition from discussing wages was illegal.

26. R.I. Gen. Laws § 28-6-18(f): "No employer shall prohibit an employee from inquiring about, discussing, or disclosing the wages of such employee or another employee or retaliate against an employee who engages in such activities."

27. Plaintiff reported to work on March 13, 2023.

28. Upon arrival, McCarthy directed Plaintiff to attend a phone call with Szczoczarz.

29. Szczoczarz informed Plaintiff that she was being suspended without pay.

30. Plaintiff informed Szczoczarz that McCarthy had illegally prohibited her from discussing wages, and that McCartney had failed to make required postings about wages and hours.

2

Case Number: WC-2023-0533
Filed in Washington County Superior Court
Submitted: 10/26/2023 4:32 PM
Envelope: 4342730
Reviewer: Tracy K.

Case 1:23-CV-00501-MSM-LDA    Document 3    Filed 11/30/23    Page 29 of 31 PageID #: 49

31. On March 22, 2023, Plaintiff was terminated.

32. The stated reasons for Plaintiff's termination were tardiness, job performance, and accessing McCartney's e-mail.

33. Plaintiff had accessed McCartney's email while performing McCartney's duties in McCartney's absence.

34. At no time had Plaintiff been made aware of any issues regarding her job performance or punctuality.

35. The stated reason for Plaintiff's termination was pretextual, and the real reason for the termination was to retaliate against Plaintiff for her repeated reports of suspected violations of wage and hour law, and creation of a hostile work environment based upon her disability.

## COUNT I – RHODE ISLAND CIVIL RIGHTS ACT

36. Plaintiff realleges those allegations contained in the Paragraphs above as if fully restated therein.

37. Plaintiff was a qualified person with a disability as defined under statute.

38. Defendant unlawfully subjected Plaintiff to discriminatory terms and conditions of employment because of Plaintiff s disability or perceived disability, by permitting the creation and maintenance of a hostile work environment.

39. As a direct and proximate result of the illegal activity of Defendant, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

40. The actions of Defendant were willful, malicious, wicked, and wanton and for the good of society must be punished.

WHEREFORE, Plaintiff demands judgment against Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

## COUNT II – WAGE DISCRIMINATION

41. Plaintiff realleges those allegations contained in the Paragraphs above as if fully restated therein.

42. Defendant engaged in wage discrimination based upon sex and gender, when it employed a male employee at a higher wage than Plaintiff for performing comparable work as defined in R.I. Gen. Laws § 28-6-18(2)

3

43.  Defendant lacked a bona fide justification for the wage differential between Plaintiff and the male worker, as required by R.I. Gen. Laws § 28-6-18.

44.  Defendant further attempted to prohibit Plaintiff from discussing her wages, in violation of § 28-6-18(f).

45.  Defendant retaliated against Plaintiff for having inquired about wages and otherwise opposed violations of § 28-6-18(f), by terminating her employment.

46.  As a direct and proximate result of the illegal activity of Defendant, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

47.  The actions of Defendant were willful, malicious, wicked, and wanton and for the good of society must be punished.

WHEREFORE, Plaintiff demands judgment against Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

## COUNT III -- WHISTLEBLOWERS' PROTECTION ACT

48.  Plaintiff realleges those allegations contained in the Paragraphs above as if fully restated therein.

49.  Defendant is an "employer" as that term is defined pursuant to R.I.G.L. § 28-50-2(2).

50.  Plaintiff reported suspected violation of law governing wage and hour law, as well as the rights of individuals with disabilities.

51.  Plaintiff's actions in reporting suspected violations of wage and hour law, as well as laws protecting the rights of individuals with disabilities, were done in good faith belief that a violation of law had occurred or would occur, and constituted protected activities pursuant to R.I.G.L. § 28-50- 1 *et seq.*

52.  Plaintiff suffered adverse employment actions, in that she was terminated.

53.  The reasons stated for the adverse employment actions against Plaintiff were pretextual.

54.  The adverse employment actions were motivated by animus towards Plaintiff for having reported said suspected violations of law.

55.  As a direct and proximate result of the wrongful actions of Defendant, Plaintiff suffered adverse employment actions, as well as other financial and reputational harm, as well as emotional

distress, personal inconvenience, worry, loss of enjoyment of life, and other non- pecuniary losses.

56.  Said actions of Defendant were wicked and wanton, and for the good of society must be punished.

WHEREFORE, Plaintiff demands judgment against the Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

Plaintiff,
By her attorney,


/s/ Vicki J. Bejma
Stephen M. Robinson #2103
Vicki J. Bejma #6498
Robinson & Clapham
123 Dyer Street, Suite 135
Providence, RI  02903
(401) 331-6565
(fax) 331-7888
vbejma@smrobinsonlaw.com

5